UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BOW JAX, INC., an Idaho corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>SIMS VIBRATION LABORATORY, INC., and STEVEN C. SIMS, an individual,<br><br>        Defendants. | NO:  CV-09-047-RMP<br><br>ORDER DENYING BOW JAX MOTION FOR SUMMARY JUDGMENT FINDING UNENFORCEABILITY OF U.S. PAT. NO. 6,298,842 |

In its motion, Bow Jax moves for a summary judgment finding that U.S. Patent Number 6,298,842 ("the '842 patent") is unenforceable under the patent doctrine of intervener rights (Ct. Rec. 136 at 2).  Sims filed a response, clarifying the doctrine and narrowing the disputed issue before the Court.  Bow Jax filed a reply (Ct. Rec. 189).

**Background**

The '842 patent was originally issued October 9, 2001.  On October 13, 2002, a request for examination challenging the issued claims was filed.  The

ORDER DENYING BOW JAX'S MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY OF THE '842 PATENT ~ 1

United States Patent and Trademark Office ("USPTO") sided with the Requestor and on March 1, 2005, the USPTO issued a Reexamination Certificate that cancelled all 38 of the original claims, but allowed eleven new claims numbered 39-49. Claim 39 of the '842 patent is being asserted against Bow Jax in the present suit. During the intervening time between the original issuance date and the reexamination issuance date of Feb. 13, 2003, Bow Jax introduced and sold the first of its accused products (Ct. Rec. 136 at 2). Bow Jax contends that because its products were developed before the issuance of the Reexamination Certificate, Sims' patent is unenforceable (Ct. Rec. 136 at 2).

## Applicable Law

35 U.S.C. § 307(b) states:

> (b) Any proposed amended or new claim determined to be patentable and incorporated into a patent following a reexamination proceeding will have the same effect as that specified in section 252 of this title for reissued patents on the right of any person who made, purchased, or used within the United States, or imported into the United States, anything patented by such proposed amended or new claim, or who made substantial preparation for the same, prior to issuance of a certificate under the provisions of subsection (a) of this section.

35 U.S.C. § 252 outlines the doctrine of patent intervening rights, stating in relevant part:

> A reissued patent shall not abridge or affect the right of any person or that person's successors in business who, prior to the grant of a reissue, made, purchased, offered to sell, or used within the United States, or imported into the United States, anything patented by the reissued patent, to continue the use of, to offer to sell, or to sell to

ORDER DENYING BOW JAX'S MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY OF THE '842 PATENT ~ 2

others to be used, offered for sale, or sold, the specific thing so made, purchased, offered for sale, used, or imported unless the making, using, offering for sale, or selling of such thing infringes a valid claim of the reissued patent which was in the original patent. The court before which such matter is in question may provide for the continued manufacture, use, offer for sale, or sale of the thing made, purchased, offered for sale, used, or imported as specified, or for the manufacture, use, offer for sale, or sale in the United States of which substantial preparation was made before the grant of the reissue, and the court may also provide for the continued practice of any process patented by the reissue that is practiced, or for the practice of which substantial preparation was made, before the grant of the reissue, to the extent and under such terms as the court deems equitable for the protection of investments made or business commenced before the grant of the reissue.

35 U.S.C. § 252.  As explained in *Shockley v. Arcan, Inc*., 248 F.3d 1349 (Fed. Cir. 2001), this paragraph of § 252,

> provides for two separate and distinct defenses to patent infringement under the doctrine of intervening rights: "absolute" intervening rights and "equitable" intervening rights. *BIC Leisure Prods., Inc., v. Windsurfing Int'l, Inc*., 1 F.3d 1214, 1220 (Fed.Cir.1993). The first sentence of the paragraph defines absolute intervening rights.
>
> A reissued patent shall not abridge or affect the right of any person or that person's successors in business who, prior to the grant of a reissue, made, purchased, offered to sell, or used within the United States, or imported into the United States, anything patented by the reissued patent, to continue the use of, to offer to sell, or to sell to others to be used, offered for sale, or sold, the specific thing so made, purchased, offered for sale, used, or imported unless the making, using, offering for sale, or selling of such thing infringes a valid claim of the reissued patent which was in the original patent.

*Id.* at 1359.  The *Shockley* court then contrasted absolute intervening rights with equitable intervening rights:

ORDER DENYING BOW JAX'S MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY OF THE '842 PATENT ~ 3

By comparison, the equitable intervening rights provisions of § 252 states:

> The court before which such matter is in question may provide for the continued manufacture, use, offer for sale, or sale of the thing made, purchased, offered for sale, used, or imported as specified, or for the manufacture, use, offer for sale, or sale in the United States of which substantial preparation was made before the grant of the reissue, and the court may also provide for the continued practice of any process patented by the reissue that is practiced, or for the practice of which substantial preparation was made, before the grant of the reissue, to the extent and under such terms as the court deems equitable for the protection of investments made or business commenced before the grant of the reissue.

*Shockley v. Arcan, Inc.*, 248 F.3d 1349 1360 (Fed. Cir. 2001).

The *Shockley* court found that absolute intervening rights apply only to products that are in existence at the time of the issuance of the reexamination certificate. *Id.* at 130. For products that are created after the issuance of the reexamination certificate, under the equitable intervening rights, a district court has discretion to make findings and grant broader rights for an accused infringer to:

> (1) continue the manufacture, use, offer for sale, and sale of additional articles made before the reissue; and (2) continue to manufacture, use, offer to sell, or sell articles for which substantial preparations for manufacture or use was made before the grant of the reissue.

*Id.* at 1361.

### Discussion

In a brief memorandum in support of its motion, Bow Jax contends that it has an "absolute right" to use or sell products that were made before the issuance

ORDER DENYING BOW JAX'S MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY OF THE '842 PATENT ~ 4

of the reexamination certificate since none of Sims' original claims in the '842 patent survived reexamination (Ct. Rec. 136 at 3). Bow Jax failed to itemize or name which of its products were made before and after the issuance of the reexamination certificate and further failed to support its motion with declarations or exhibits supporting when those products were manufactured in relationship to the timeframe of the '842 reexamination.

In their response, Sims delineates the applicable law, differentiates between absolute intervener's rights and equitable intervening rights, and concedes that articles made before March, 1, 2005 (the date of the issuance of the reexamination certificate) are not subject to a claim of infringement under absolute intervener's rights (Ct. Rec. 163 at 3). Furthermore, Sims points out that Bow Jax has not identified those specific products that were manufactured before the issuance of the reexamination certificate despite moving for a blanket summary judgment on the issue (Ct. Rec. 163 at 4).

In its reply, Bow Jax states that the only remaining issue before the Court is "whether or not the Bow Jax's post March 1, 2005, products should be granted equitable intervening rights with respect to the '842 patent" (Ct. Rec. 189 at 2). Bow Jax asks the Court to find the '842 patent unenforceable against all of Bow Jax's accused products (Ct. Rec. 189 at 3).

ORDER DENYING BOW JAX'S MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY OF THE '842 PATENT ~ 5

To begin, the Court agrees with the parties that under absolute interveners' rights, any of Bow Jax's specific products that were made before March 1, 2005, are free of Sims' reissued patent and may be sold after the date of the reissue without penalty. *See Shockley v. Arcan, Inc*., 248 F.3d 1349, 1360 (Fed. Cir. 2001) (products "made before the date of [issuance of the reexamination certificate], which infringe the new . . . claims, are absolutely free of the reissued patent and may be used or sold after the date of reissue without regard to the patent") (quoting *BIC Leisure Prods., Inc., v. Windsurfing Int'l, Inc*., 1 F.3d 1214, 1221 (Fed.Cir.1993)).

However, the Court declines to make a determination regarding whether Bow Jax should be entitled to any equitable interveners' rights where Bow Jax has presented no evidence other than an undisputed fact that Bow Jax was making and selling accused products in 2003, two years before the reexamination certificate issuance date.

//

//

//

//

//

//

//

ORDER DENYING BOW JAX'S MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY OF THE '842 PATENT ~ 6

Accordingly,

**IT IS HEREBY ORDERED:** Bow Jax's Motion for Summary Judgment of Unenforceability of U.S. Pat. No. 6, 298,842 (**Ct. Rec. 135**) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 6th day of April, 2011.

                              *s/ Rosanna Malouf Peterson*
                            ROSANNA MALOUF PETERSON
                            Chief United States District Court Judge

ORDER DENYING BOW JAX'S MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY OF THE '842 PATENT ~ 7