1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   EASTERN DISTRICT OF WASHINGTON
7
8    BOW JAX, INC., an Idaho corporation          NO:  CV-09-047-RMP
9                              Plaintiff,
                                                  ORDER ON BOW JAX'S MOTION
10        v.                                      FOR PARTIAL SUMMARY
                                                  JUDGMENT OF NON-
11                                                INFRINGEMENT OF THE '046
12   SIMS VIBRATION LABORATORY,                   PATENT
     INC., and STEVEN C. SIMS, an
13   individual,
14
                             Defendants.
15
16

17        Before the Court is Bow Jax's motion for partial summary judgment of non-

18
     infringement of Patent No. 5, 362, 046 (the "'046 Patent") (Ct. Rec. 129).  The
19
20   Court has reviewed Sims' response (Ct. Rec. 164) and Bow Jax's reply (Ct. Rec.

21   192).  The claim in dispute is claim 1 of the '046 patent. Sims argues that Bow Jax
22
     has infringed on the claim.  Bow Jax moves for summary judgment and a finding
23
24   that there has been no infringement.

25                              **Applicable Law**
26
27        The court shall grant summary judgment if the movant shows that there is no
28
     genuine dispute as to any material fact and the movant is entitled to judgment as a

ORDER ON BOW JAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NON-INFRINGEMENT OF THE '046 PATENT ~ 1

matter of law.  Fed. R. Civ. P. 56(a).  A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact and that there is an absence of evidence to support the non-moving party's case.  *See Celotex Corp.*, 477 U.S. at 323-25.  The burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).  At summary judgment, the court draws all reasonable inferences in favor of the nonmoving party.  If the nonmoving party produces evidence that contradicts evidence produced by the moving party, the court must assume the truth of the nonmoving party's evidence with respect to that fact. *T.W. Elec. Service, Inc.*, 809 F.2d at 631.  The evidence presented by both the moving and non-moving parties must be admissible. Fed. R. Civ. P. 56(e).

Patent infringement analysis involves two steps:  claim construction, and application of the construed claim to the accused process or product.  *See Markman v. Westview Instruments*, Inc., 52 F.3d 967, 976 (Fed.Cir.1995) (en

ORDER ON BOW JAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '046 PATENT ~ 2

banc), *aff'd*, 517 U.S. 370 (1996).  Claim construction is a question of law, and application of the claim to the accused product to determine infringement is a question of fact.  *See Mannesmann Demag Corp. v. Engineered Metal Prods. Co*., 793 F.2d 1279, 1282 (Fed. Cir. 1986); *Bai v. L & L Wings, Inc*., 160 F.3d 1350, 1353 (Fed. Cir. 1998).  A claim for patent infringement, either literally or under the doctrine of equivalents, must be proven by a preponderance of the evidence. *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001).

To establish literal infringement, all of the elements of the claim must be present in the product.  *Cole v. Kimberly-Clark Corp*., 102 F.3d 524, 532 (Fed.Cir.1996); *TechSearch, L.L.C. v. Intel Corp.,* 286 F.3d 1360, 1371 (Fed. Cir. 2002).  "A district court should approach a motion for summary judgment on the fact issue of infringement with great care."  *Cold v. Kimberly-Clark Corp.*, 102 F.3d 524, 528 (Fed. Cir. 1996).  Literal infringement is "properly decided upon summary judgment when no genuine issue of material fact exists, in particular, when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device."  *Bai v. L & L Wings, Inc*., 160 F.3d 1350, 1353 (Fed. Cir. 1998).

ORDER ON BOW JAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '046 PATENT ~ 3

The doctrine of equivalents allows for a finding of infringement when the accused product is different from the claimed limitation in insubstantial ways. *Advanceme Inc. v. RapidPay, LLC*, 509 F.Supp. 2d 593 (Fed. Cir. 2007).

> Whether equivalency exists may be determined based on the "insubstantial differences" test or based on the "triple identity" test, namely, whether the element of the accused device "performs substantially the same function in substantially the same way to obtain the same result. The essential inquiry is whether the accused product or process contain elements identical or equivalent to each claimed element of the patented invention.

*TIP System, LLC v. Phillips & Brooks/Galwin, Inc*., 529 F.3d 1364, 1377 (Fed. Cir. 2008); *Advanceme Inc. v. RapidPay, LLC*, 509 F.Supp. 2d. 593, 606 (Fed. Cir. 2007).

**Discussion**

In this motion, Bow Jax asks the Court to make the following findings: (1) that an archery bow is not an implement within the meaning of the '046 patent and (2) the accused Bow Jax products do not have a mushroom-like configuration, neither literally nor under the doctrine of equivalents (Ct. Rec. 130 at 3-5). The Court will address each argument below:

**(1) Whether an archery bow is an implement within the meaning of the '046 patent.**

In its *Markman* Order, the Court construed "implement" in the 046' patent as "a wielded device designed to impart and receive impacts including, but not

ORDER ON BOW JAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '046 PATENT ~ 4

limited to: golf clubs, baseball and softball bats, tennis rackets, and hammers" (Ct.

Rec. 71 at 51). The Court declined Sims' invitation to explicitly include the term

"archery bows" in the claim construction because "[i]n claim constructions, the

words of the claims are construed independent of the accused product . . . ."

*Scripps Clinic & Research Foundation,* 927 F.2d 1565, 1580 (Fed. Cir. 1991).

The Court stated:

> "Although words in a claim are generally given their ordinary and
> customary meaning, a patentee may choose to be his own
> lexicographer and use terms in a manner other than their ordinary
> meaning, as long as the special definition of the term is clearly stated
> in the patent specification or file history." *Hoechst Celanese Corp. v.
> BP Chems. Ltd.*, 78 F.3d 1575, 1578 (Fed.Cir.1996); *Vitronics Corp.
> v. Conceptronic, Inc,* 90 F.3rd 1576, 1582 (Fed. Cir. 1996).
>
>     The word "implement" is defined by Sims in the specification
> of the patent in question. It states,
>     DEFINITION: The term implement as employed herein is
>     intended to encompass wielded devices designed to impart and
>     receive impacts including, but not limited to: golf clubs,
>     baseball and softball bats, tennis rackets, and hammers.
> (Ct. Rec. 33-1 at 13).
>     Sims has acted as its own lexicographer, broadly defining
> "implement" to include a variety of objects. The Court finds that it
> would be inappropriate to include the term "archery bow" as it would
> prejudge the infringement analysis to specifically include archery
> bows . . . .

(Ct. Rec. 71 at 6-7).

In its present motion, Bow Jax claims that as a matter of law an implement

defined by the '046 claim language does not include archery bows (Ct. Rec. 130 at

ORDER ON BOW JAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NON-INFRINGEMENT OF THE '046 PATENT ~ 5

1   4).  Bow Jax contends that an archery bow does not impart and receive impacts

2   (Ct. Rec. 130 at 4).

3           Sims responds with an expert declaration in support of the position that an

4   archery bow is an implement as defined in the '046 patent.  Specifically, when a

5   bow string is released, an impact is produced when the bow limbs snap back and

6   are arrested by the bowstring (Ct. Rec. 167 at 3).  Sims further argues that at a

7   minimum, there is a genuine issue of material fact on the issue.  The Court agrees

8   with Sims that an archery bow is an implement as defined in the '046 patent.

9   Therefore, the Court denies Bow Jax's motion on this issue.

10   **(2) Whether the accused Bow Jax products have a "mushroom-like**
**configuration" literally or under the doctrine of equivalents.**

11           **a. Literal Infringement**

12           In its *Markman* Order, the Court construed "mushroom-like configuration"

13   in the 046' patent as having "a circular head that expands from an integral stem,

14   where the head has a larger diameter than the stem" (Ct. Rec. 71 at 11).  In its

15   present motion, Bow Jax argues that as a matter of law the accused dampeners do

16   not have the claim 1 element of a "mushroom-like configuration" and therefore do

17   not literally infringe on the '046 patent.  *Cole v. Kimberly-Clark Corp.*, 102 F.3d

18   524, 532 (Fed.Cir.1996).

ORDER ON BOW JAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NON-INFRINGEMENT OF THE '046 PATENT ~ 6



The Accused Products

(Images of the accused products at Ct. Rec. 130 at 6).

Sims relies on their expert, Jens Jorgensen, who takes issue with the Court's *Markman* claim construction of "mushroom-like configuration" (Ct. Rec. 167 at 5-7), and who states that "the Bow Jax damping element performs identical or substantially identical to the Sims elements" (Ct. Rec. 167 at 8). However, Mr. Jorgensen does not state that Bow Jax's accused dampeners literally infringe on the '046 patent. The Court agrees with Bow Jax, that there is no literal infringement because the accused products do not have a "mushroom-like configuration."

ORDER ON BOW JAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '046 PATENT ~ 7

### b. Doctrine of Equivalents

Bow Jax also argues that there is no infringement under the doctrine of equivalents.  Bow Jax contends that doctrine of equivalents arguments are only appropriate for claim elements that were not added or amended during the prosecution of a patent and that Sims is barred from making such an argument because claim 1 of the '046 patent was amended (Ct. Rec. 130 at 8).

Sims responds that case law shows that the doctrine of equivalents is available in cases such as the current case (Ct. Rec. 164 at 4).  More specifically, Sims argues that when an element is amended during prosecution, a court should examine the subject matter surrendered during the prosecution by the amendment (Ct. Rec. 164 at 4).  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002).  As Sims points out, the *Festo* court stated that:

> As the amendments were made for a reason relating to patentability, the question is not whether estoppel applies but what territory the amendments surrendered. While estoppel does not affect a complete bar, the question remains whether petitioner can demonstrate that the narrowing amendments did not surrender the particular equivalents at issue.

*Id.* at 741.

In the current case, the phrase "mushroom-like configuration defined by a stem and integral head" was always the language in claim 1.  Because the claim always contained the phrase, rather than being added as an amendment to narrow

ORDER ON BOW JAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NON-INFRINGEMENT OF THE '046 PATENT ~ 8

1   the claim in order to gain approval, no relevant subject matter was given up in the

2   amendment.  Accordingly, the doctrine of equivalents is applicable.

3       **c.  Whether Bow Jax's diameter-to-stem ratio is a substantial difference**

4   **in that it prevents a doctrine of equivalents finding.**

5       Bow Jax argues that if the doctrine of equivalents is applied, Bow Jax's

6   products are substantially different from the '046 patent because the '046

7   specification states that for the dampener to work effectively the ratio of the

8   diameter of the vibration dampening device's head and the length of the device's

9   stem is no more than 5:1.[1]  Bow Jax's expert, Mr. Stuart Wright, claims that Bow

10  Jax dampeners' diameter-to-stem ratio is over 10:1 (Ct. Rec. 133 at 2; Ct. Rec. 192

11  at 4).  Bow Jax argues that its dampeners are not equivalent under the insubstantial

12  difference test because of this head-to-stem ratio difference.  Specifically, Bow Jax

13  argues that the ratio difference means its dampeners do not "perform[] in

14  substantially the same way."  *Advanceme Inc. v. RapidPay, LLC*, 509 F.Supp. 2d.

15  593, 606 (Fed. Cir. 2007).  As discussed *supra*, the applicable test is "whether the

---

[1] The specification states, "Also important is the ratio between the diameter d of

vibration damping device head [] and the length [] of the relatively short stem [].

For vibration damping device to function effectively, it is essential that the ratio

[diameter to stem] be between 5:1 and 1:1 (Ct. Rec. 33-1 at 14, Col. 4, lines 28-

32).

ORDER ON BOW JAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NON-INFRINGEMENT OF THE '046 PATENT ~ 9

1  element in the accused method performs substantially the same function in

2  substantially the same way to obtain the same result as the claim limitation."

3  *Advanceme Inc. v. RapidPay, LLC*, 509 F.Supp. 2d. 593, 606 (Fed. Cir. 2007).

4

5      In their response, Sims does not address Bow Jax's ratio argument, but

6  Sims' expert, Mr. Jorgensen, claims that Bow Jax's dampeners do perform in the

7  same way as described in the '046 patent elements (Ct. Rec. 167 at 9).

8  Specifically, Bow Jax limb dampener products with arms that extend equally and

9

10 in a configuration around the stem dampen the vibrations in the same way as

11 described by the '046 patent by flexing, oscillating and bending in all directions

12 (Ct. Rec. 167 at 9).  Sims further contends that Mr. Jorgensen's expert declaration

13 precludes summary judgment by raising a genuine issue of material fact (Ct. Rec.

14

15 164 at 7).  The Court also notes that in Sims' opening brief on claim construction

16 of the '046 patent, Sims claimed that Bow Jax's head to stem ratio was within the

17 '046 specification range of 5:1 and 1:1 (Ct. Rec. 31 at 14).

18

19      Bow Jax relies on a declaration by its own president that the head to stem

20 ratio is well outside of the essential-for-effective functioning ratio in the '046

21 patent's specification.  Sims relies on (1) Mr. Jorgensen's declaration that Bow

22

23 Jax's dampeners perform in the same was at the '046 claim elements and (2) a

24 claim that Bow Jax's head to stem ratio is within the '046 specification's essential-

25 for-effective functioning ratio.

26

27

28

ORDER ON BOW JAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NON-INFRINGEMENT OF THE '046 PATENT ~ 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In weighing the evidence and drawing all reasonable inferences in favor of Sims, the nonmoving party, the Court finds that there is a genuine issue of material fact as to whether Bow Jax's devices infringe on the '046 patent through the doctrine of equivalents.  The Court finds that summary judgment on this issue is inappropriate.

Accordingly, **IT IS HEREBY ORDERED:**  Bow Jax's motion for partial summary judgment of non-infringement of the '046 Patent (**Ct. Rec. 129**) is **GRANTED IN PART AND DENIED IN PART** as outlined in this Order.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 6th day of April, 2011.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER ON BOW JAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '046 PATENT ~ 11