1

2

3

4

5                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
6

7   BOW JAX, INC., an Idaho corporation,

                             Plaintiff,              NO:  CV-09-47-RMP
8        v.
                                                     ORDER GRANTING
9   SIMS VIBRATION LABORATORY,                       DEFENDANTS' MOTION FOR
    INC. and STEVEN C. SIMS,                         PARTIAL SUMMARY JUDGMENT
10
                             Defendants.
11

12                          **I. INTRODUCTION**

13        Before the Court is Defendant Sims Vibration Laboratory, Inc.'s and

14   Defendant Steven C. Sims's (collectively "Sims's") Rule 56(a) motion for

15   summary judgment dismissal of Plaintiff Bow Jax, Inc.'s ("Bow Jax's") claim of

16   disparagement and violation of the Washington Consumer Protection Act

17   ("WCPA") (Ct. Rec. 104).  The Court has reviewed and considered Bow Jax's

18   First Amended Complaint (Ct. Rec. 88), Sims's Motion for Partial Summary

19   Judgment (Ct. Rec. 104), Sims's Memorandum in Support (Ct. Rec. 105), Bow

20   Jax's Notice of Nonopposition and Reservation of Rights (Ct. Rec. 154), and

     ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 1

1  Sims's Reply Memorandum (Ct. Rec. 177).  The Court now grants Sims's Motion

2  for Partial Summary Judgment and dismisses Bow Jax's disparagement claim.

3  ## II. BACKGROUND

4  On February 17, 2009, Bow Jax initiated this action seeking declaratory

5  judgment that it did not infringe disputed patents (Ct. Rec. 1 at 4).  Bow Jax filed

6  an amended complaint on August 31, 2010, adding a second cause of action for

7  false patent marking in violation of 35 U.S.C. § 292, and a third cause of action for

8  disparagement (Ct. Rec. 88 at 5-6).

9  Sims filed a motion for summary judgment requesting that Bow Jax's

10  disparagement claim be dismissed with prejudice (Ct. Rec. 104 at 2).  Bow Jax

11  filed a response to Sims's motion in which Bow Jax stated its non-opposition to

12  dismissal of its disparagement claim while reserving its right to prosecute

13  additional WCPA violations under its remaining causes of action (Ct. Rec. 154 at

14  2).  Sims contests the viability of this reservation and requests that Bow Jax be

15  foreclosed from asserting any additional WCPA violation in this case (Ct. Rec. 177

16  at 2-4).

17  ## III. SUMMARY JUDGMENT STANDARD

18  Under Rule 56(a), a district court "shall grant summary judgment if the

19  movant shows that there is no genuine dispute as to any material fact and the

20  movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A key

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 2

purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is "not a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. Summary judgment is inappropriate where sufficient evidence supports the claimed factual dispute or where different ultimate inferences may reasonably be drawn from the undisputed facts. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 875, 988 (9th Cir. 2006).

At summary judgment, the moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact, showing there is no evidence to support the non-moving party's case. *See Celotex,* 477 U.S. at 323, 25. The burden then shifts to the non-moving party to set forth specific facts showing a genuine dispute for trial. *See id.* at 324. A district court reviews the evidence in the light most favorable to the nonmoving party. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 531 (9th Cir. 2000).

### IV. DISCUSSION

Bow Jax does not oppose Sims's motion and thus consents to summary judgment dismissal of its third cause of action for disparagement (Ct. Rec. 154 at 2). Based on this stipulation and Sims's memoranda of law, the Court is satisfied

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 3

that Sims has shown, with regard to the third cause of action, that there is no genuine dispute as to any material fact and that Sims is entitled to judgment as a matter of law.  Therefore, Bow Jax's third cause of action is dismissed with prejudice.

However, Bow Jax seeks to reserve rights to additional WCPA claims under its remaining causes of action (Ct. Rec. 154 at 2).  Sims opposes the assertion of any WCPA claim by Bow Jax on several grounds (Ct. Rec. 177 at 2-4).  Sims raises three issues for consideration: first, whether Bow Jax pleaded any WCPA claim other than the one it agreed to dismiss (Ct. Rec. 177 at 2); second, whether Bow Jax's WCPA allegations state a claim upon which relief can be granted (Ct. Rec. 177 at 2-3); and finally, whether Bow Jax has met its summary judgment burden of producing enough evidence to establish the essential WCPA elements (Ct. Rec. 177 at 3).

**Whether Bow Jax has pleaded any other WCPA claims**

The WCPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Wash. Rev. Code § 19.86.020.

To state a claim under the WCPA, a plaintiff must allege five elements: "'(1) an unfair or deceptive act or practice (2) that occurs in trade or commerce (3) a public interest (4) injury to the plaintiff in his or her business or property and (5) a

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 4

1  causal link between the unfair or deceptive act and the injury suffered.'" *Minnick v.*

2  *Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010) (quoting

3  *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.,* 162 Wash.2d 59,

4  73, 170 P.3d 10, 17 (2007)).  To establish the first element, "an unfair or deceptive

5  act or practice," a plaintiff may demonstrate "either (1) the act had the 'capacity to

6  deceive a substantial portion of the public' or (2) that the practice 'constitutes a per

7  se unfair trade practice.'" *Id.* (quoting *Saunders v. Lloyd's of London,* 113 Wash.2d

8  330, 344, 779 P.2d 249, 256 (1989)).

9        In its noninfringement claim, Bow Jax alleges that Sims "asserted by public

10  statements and by counterclaim in the present action that certain products

11  manufactured and sold by [Bow Jax] infringe one or more of the [disputed

12  patents]" (Ct. Rec. 88 at 4).  Bow Jax realleges this point in its false marking and

13  disparagement claims (Ct. Rec. 88 at 5).  However, Bow Jax has not alleged that

14  Sims's statements were unfair or deceptive.  Nor has Bow Jax alleged that Sims's

15  statements had a capacity to deceive a substantial portion of the public or constitute

16  a per se unfair trade practice.  Furthermore, Bow Jax failed to allege that Sims's

17  statements occurred in trade or commerce, involved a public interest, or

18  proximately caused some injury to Bow Jax.  Therefore, the allegations regarding

19  Sims's statements of infringement cannot be construed to embody a WCPA claim.

20

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 5

In its false marking claim, Bow Jax alleges that Sims "marked numerous unpatented articles of goods with patent numbers and distributed them to the public for the purpose of deceiving the public to believe that the articles were patented when in fact they were not" (Ct. Rec. 88 at 5). Again, Bow Jax has failed to allege that Sims's conduct proximately caused some injury to Bow Jax. Therefore, the false marking allegations cannot be construed to embody a WCPA claim even if the allegations charge Sims with an unfair or deceptive act or practice that occurred in trade or commerce and involved a public interest.

The only WCPA violation that the Complaint alleged was contained in Bow Jax's disparagement claim, which is now dismissed with prejudice. In addition, Bow Jax only claimed WCPA damages in its disparagement claim (Ct. Rec. 88 at 7). Bow Jax did not include allegations of violation of the WCPA in its other causes of action (Ct. Rec. 88 at 2-5).

The Court agrees with Sims's contention that Bow Jax has not alleged any WCPA violation other than the one that it already has agreed to dismiss. Therefore, Bow Jax has no other WCPA claims to reserve.

Accordingly,

**IT IS HEREBY ORDERED THAT**:

1. Defendants' Motion for Partial Summary Judgment (Ct. Rec. 104), is **GRANTED**;

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 6

2.  Plaintiff's third cause of action, a claim for disparagement and violation

of the WCPA (Ct. Rec. 88 at 5-6), is **DISMISSED WITH**

**PREJUDICE**;

**IT IS SO ORDERED**. The District Court Executive is hereby directed to

enter this Order and to furnish copies to counsel.

**DATED** this 6th day of April, 2011.


*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING PARTIAL SUMMARY JUDGMENT ~ 7