UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BOW JAX, INC., an Idaho corporation,<br><br>   Plaintiff/Counterdefendants,<br><br>   v.<br><br>SIMS VIBRATION LABORATORY, INC., a Washington corporation; and STEVEN C., SIMS; an individual;<br><br>   Defendants/Counterclaimants, | NO:  CV-09-47-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO SET ASIDE THE COURT'S SUMMARY JUDGMENT ORDERS |

  Before the Court is Plaintiff/Counterdefendant Bow Jax's Motion to Set Aside the Court's Summary Judgment Dismissing Bow Jax's Patent False Marking Claims as a Whole, ECF No. 231, and Bow Jax's Motion to Set Aside the Court's Summary Judgment Dismissing Bow Jax's "Patented Navcom" False Marking

ORDER DENYING PLAINTIFF'S MOTIONS TO SET ASIDE THE COURT'S SUMMARY JUDGMENT ORDERS ~ 1

Claim, ECF No. 235.  The Court has reviewed the file and pleadings in this matter[1] and is fully informed.

Bow Jax claims to be moving pursuant to Fed. R. Civ. P. 59(e) and that this Court made "multiple demonstrable clear errors, both procedural and legal, . . ." ECF No. 231 at 2.  Bow Jax claims that this Court committed "demonstrable clear error . . . by refusing to impute the advertising content of SVL products published by SVL resellers to SVL, . . ." ECF No. 232 at 2.  Bow Jax also alleges that its argument is supported by agency law, an argument that it previously raised in opposition to Sims' motions for summary judgment.

Sims responds that Bow Jax filed its motions in an untimely fashion and failed to submit any admissible evidence during the briefing of the underlying motions for summary judgment that raised a genuine issue of material fact as to whether Sims had the intent to deceive, which is a required element for false marking claims.

---

[1] The Court reviewed the following ECF filings:  ECF No. 217, 231-37, 239, and 240-42, as well as pleadings previously submitted in support and opposition of the underlying motions for summary judgment which were addressed in the Court's Order, ECF No. 217.

ORDER DENYING PLAINTIFF'S MOTIONS TO SET ASIDE THE COURT'S SUMMARY JUDGMENT ORDERS ~ 2

As a preliminary matter, Bow Jax claims to be moving pursuant to Fed. R. Civ. P. 59(e). However, that rule requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Ninth Circuit has held that Rule 59(e) applies only to final orders. See *United States v. Martin,* 226 F.3d 1042, 1048 (9th Cir. 2000). Assuming, without analyzing whether the Court's Order Denying Bow Jax's Motion for Summary Judgment and Granting Sims' Cross Motion for Summary Judgment, ECF No. 217, is a final order suitable for a motion pursuant to Fed. R. Civ. P. 59(e), Bow Jax would have had to file its Motions to Set Aside Judgment in early May, 2011, within 28 days after April 6, 2011. However, Bow Jax did not file those motions, ECF Nos. 231 and 235, until July 1, 2011. Setting aside Bow Jax's procedural error, the Court reviews Bow Jax's motions on the merits under the Court's inherent discretion to review previous orders. *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (quoting *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001)).

The Court has reviewed the evidence to evaluate whether there was any merit in Bow Jax's renewed argument that Bow Jax had submitted sufficient admissible evidence to raise a genuine issue of material fact as to whether Sims, or any third party acting as an agent for Sims, had the intent to deceive the public. In particular, Bow Jax argued that this Court should examine ECF No. 102-1, which

ORDER DENYING PLAINTIFF'S MOTIONS TO SET ASIDE THE COURT'S SUMMARY JUDGMENT ORDERS ~ 3

1  was submitted in support of its motion for summary judgment by Sims as an

2  attachment to Alan Lotton's declaration, ECF No. 102.  In his declaration, Mr.

3  Lotton refers to the table as "a copy of a Bow Jax table of items which Bow Jax

4  apparently believes or suspects are falsely marked." ECF No. 102 at 14.

5       The Court previously considered ECF No. 102-1 and re-examined it

6  pursuant to Bow Jax's current request.  However, aside from Mr. Lotton's

7  supposition that this table represents items that Bow Jax believes or suspects are

8  falsely marked, there is no basis for authentication of the table.  There is no

9  evidence of who drafted the document, when it was drafted, how it was drafted, or

10 whether the table accurately reflects what it purports to reflect.  In addition, as

11 Sims points out in their briefs opposing Bow Jax's motions to set aside judgment,

12 there is no foundation that whoever created the table is qualified to testify to the

13 contents of the table.  Without essential evidentiary foundations, the document is

14 inadmissible for purposes of a summary judgment motion.  See Fed. R. Civ. P.

15 56(c)(4).

16      Bow Jax argues that this Court should draw inferences from circumstantial

17 evidence that raises genuine issues of fact as to whether Sims, or its employees

18 and/or agents, had the intent to deceive the public in the marking of Navcom.

19 After reviewing all of the admissible evidence submitted by both parties to both the

20 substantive motions for summary judgment and to the motions to set aside, the

21

ORDER DENYING PLAINTIFF'S MOTIONS TO SET ASIDE THE COURT'S
SUMMARY JUDGMENT ORDERS ~ 4

1  Court again concludes that Bow Jax has failed to provide sufficient evidence that
2  raises a genuine issue of material fact as to whether Sims, its employees, or its
3  agents falsely marked its products with the intent to deceive the public.  Bow Jax
4  has raised numerous arguments on which it urges this Court to speculate about
5  possible intent, but Bow Jax does not submit any evidence from which this Court
6  can draw such conclusions, even viewing the evidence in the light most favorable
7  to Bow Jax, the nonmoving party.

8      It is for this same reason that Bow Jax's appeals to agency law are
9  unavailing.  Vicarious liability under copyright law requires a showing that the
10 vicariously liable party has "profit[ed] from direct infringement while declining to
11 exercise a right to stop or limit it."  *Metro-Goldwyn-Mayer Studios Inc. v.*
12 *Grokster, Ltd.*, 545 U.S. 913, 930 (2005).  Accordingly, such a doctrine requires a
13 showing that the agent has violated the law.  In the patent false marking context,
14 the plaintiff would need to show that the agent had intent to deceive when it falsely
15 marked the products as patented.  Such a showing has not been met in this case.
16 Similarly, vicarious liability under a false advertising theory is inappropriate here.
17 False advertising does not require a showing of intent to deceive.  J. Thomas
18 McCarthy, 5 McCarthy on Trademarks and Unfair Competition § 27:51 (4th ed.
19 2008).  Accordingly, any agency doctrine devised for use in the false advertising
20 context is simply inapposite here.

21

ORDER DENYING PLAINTIFF'S MOTIONS TO SET ASIDE THE COURT'S
SUMMARY JUDGMENT ORDERS ~ 5

In materials filed on another motion, Bow Jax urges this Court to consider changes to the false marking claim statute wrought by the America Invents Act, 125 Stat. 284 (2011). However, nothing in that act modified the scienter requirement for false marking claims upon which this Court's decision rests. Accordingly, while there may now be other bases for dismissing Bow Jax's false marking claims, the Court sees no basis to modify its Order which had been entered prior to adoption of the act.

Accordingly, Bow Jax's motions to set aside judgment, **ECF Nos. 231, 235**, are **DENIED**.

**IT IS SO ORDERED:**

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 7th day of February 2012.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge